# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 14-340V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
CRYSTAL LA VECK and MARK              *
OSTERHOUDT, Parents of B.O., a minor, *
                                      *
            Petitioners,              *       Filed: September 11, 2015
                                      *
      v.                              *       Decision by Proffer; Damages
                                      *       Measles-Mumps-Rubella ("MMR")
SECRETARY OF HEALTH                   *       Vaccination; Idiopathic
AND HUMAN SERVICES,                   *       Thrombocytopenic Purpura ("ITP")
                                      *
            Respondent.               *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*Ronald C. Homer*, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner.

*Sarah C. Duncan*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On April 23, 2014, Crystal La Veck and Mark Osterhoudt, as parents of their minor child B.O., field a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioners alleges that O.B. suffered from idiopathic thrombocytopenic purpura ("ITP") as a result of receiving the measles-mumps-rubella ("MMR") vaccination on June 14, 2011.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. § 300aa-10 through 34 (2012)).

In her Rule 4(c) report, filed on July 9, 2014, Respondent stated that the Division of Vaccine Injury Compensation ("DVIC"), Department of Health and Human Services, had reviewed the facts of this case and concluded that "B.O.'s alleged injury is consistent with ITP as defined in the Vaccine Injury Table, 42 C.F.R. § 100.3(b)(2)." Accordingly, "Petitioners are entitled to a presumption of causation, as B.O.'s ITP manifested between seven and thirty days after his MMR vaccination." The report indicated that Respondent therefore determined that "she will not further defend entitlement in this case." Moreover, "DVIC did not identify any other causes for B.O.'s ITP, and based upon the medical records outlined above, [P]etitioners met the statutory requirement to show that B.O. suffered the requisite six months of residuals from his ITP. *See* 42 U.S.C. § 300aa-13(a)(1)(B); 42 U.S.C. § 300aa-11(c)(D)(I)."

In view of Respondent's concession, and based on my own review of the record, I issued a ruling on July 10, 2014, finding that Petitioners had established that they were entitled to compensation for B.O.'s injury.

On September 9, 2015, Respondent filed a proffer proposing an award of compensation. I have reviewed the file, and based upon that review I conclude that the Respondent's proffer (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The proffer awards:

- A lump sum payment of $147,889.83, representing compensation for life care expenses for Year One ($10,889.83) and pain and suffering ($137,000.00), in the form of a check payable to Petitioners as guardian(s)/conservator(s) of B.O.'s estate, for the benefit of B.O.;

- A lump sum payment of $1,414.06 representing compensation for past unreimbursable expenses, in the form of a check payable to Petitioners Crystal La Veck and Mark Osterhoudt;

- A lump sum payment of $12,392.95, representing compensation for satisfaction of the Otsego County Department of Social Services Medicaid lien, payable jointly to Petitioners and

> NYS Department of Health
> CIN: EK 25886J
> NYS DOH P.O. Box 415874
> Boston, MA 02241; and

2

- An amount sufficient to purchase the annuity contract, subject to the conditions described in the attached proffer, that will provide payments for life case items contained in the parties' joint life care plan, paid to the insurance company from which the annuity will be purchased.

These amounts represents compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which Petitioners are entitled. Proffer at 1.

I approve a Vaccine Program award in the requested amounts set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |
|---|---|
| CRYSTAL LA VECK and MARK OSTERHOUDT, Parents of B.O., a minor, ) ) ) | |
| Petitioners, ) ) | No. 14-0340V |
| ) | Special Master Corcoran |
| v. ) | ECF |
| ) | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, ) ) ) | |
| ) | |
| Respondent. ) ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.      Items of Compensation**

   A.      Life Care Items

The respondent engaged life care planner, M. Virginia NeSmith Walton, RN, MSN, FNP, CNCLP, and petitioners engaged Maureen Clancy, RN, BSN, CNLCP, to provide an estimation of B.O.'s future vaccine-injury related needs. For the purposes of this proffer, the term "vaccine related" is as described in respondent's Rule 4(c) Report filed on July 9, 2014. All items of compensation identified in the joint life care plan, as amended, filed on January 21, 2015 as Petitioner's Exhibit 13 (Dkt. 25), are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for B.O., attached hereto as Tab A.[1] Respondent proffers that B.O. should be awarded all items of compensation set forth in the joint life care plan and illustrated by the chart attached at Tab A. Petitioners agree.

---

[1] The chart at Tab A illustrates the annual benefits provided by the joint life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

-1-

B. <u>Lost Future Earnings</u>

The parties agree that based upon the evidence of record, B.O. more likely than not will be gainfully employed in the future. Therefore, respondent proffers that B.O. should not be awarded lost future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(B). Petitioners agree.

C. <u>Pain and Suffering</u>

Respondent proffers that B.O. should be awarded $137,000.00 in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioners agree.

D. <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioners documents their expenditure of past unreimbursable expenses related to B.O.'s vaccine-related injury. Respondent proffers that petitioners should be awarded past unreimbursable expenses in the amount of $1,414.06. Petitioners agree.

E. <u>Medicaid Lien</u>

Respondent proffers that B.O. should be awarded funds to satisfy the Otsego County Department of Social Services, New York, lien in the amount of $12,392.95, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the Otsego County Department of Social Services may have against any individual as a result of any Medicaid payments the Otsego County Department of Social Services has made to or on behalf of B.O. from the date of his eligibility for benefits through the date of judgment in this case as a result of his vaccine-related injury suffered on or about June 14, 2011, under Title XIX of the Social Security Act.

**II.      Form of the Award**

The parties recommend that the compensation provided to B.O. should be made through a combination of lump sum payments and future annuity payments as described below, and request that the special master's decision and the Court's judgment award the following[2]:

A.  A lump sum payment of $147,889.83, representing compensation for life care expenses for Year One ($10,889.83 ) and pain and suffering ($137,000.00), in the form of a check payable to petitioners as guardian(s)/conservator(s) of B.O., for the benefit of B.O.  No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of B.O.'s estate.  If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of B.O., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of B.O. upon submission of written documentation of such appointment to the Secretary.

B.  A lump sum payment of $1,414.06 representing compensation for past unreimbursable expenses, in the form of a check payable to petitioners, Crystal La Veck and Mark Osterhoudt.

C.  A lump sum payment of $12,392.95, representing compensation for satisfaction of the Otsego County Department of Social Services Medicaid lien, payable jointly to petitioners and

> NYS Department of Health
> CIN: EK 25886J
> NYS DOH P.O. Box 415874
> Boston, MA 02241

Petitioners agree to endorse this payment to the New York State Department of Health.

---

[2] Should B.O. die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses and future pain and suffering.

-3-

D. An amount sufficient to purchase the annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the joint life care plan, as illustrated by the chart at Tab A attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioners as guardian(s)/conservator(s) of the estate of B.O., only so long as B.O. is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioners in monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioners and do not require that the payment be made in one annual installment.

---

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

    b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

    c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

    d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

[5] Petitioners authorize the disclosure of certain documents filed by the petitioners in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

1.  <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioners agree.

2.  <u>Life-Contingent Annuity</u>

Petitioners will continue to receive the annuity payments from the Life Insurance Company only so long as B.O. is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of B.O.'s death.

3.  <u>Guardianship</u>

No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of B.O.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of B.O., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of B.O. upon submission of written documentation of such appointment to the Secretary.

### III. Summary of Recommended Payments Following Judgment

    A.    Lump sum paid to petitioners as court-appointed guardian(s)/conservator(s) of B.O.'s estate: **$ 147,889.83**

    B.    Paid to petitioners, Crystal La Veck and Mark Osterhoudt: **$ 1,414.06**

    C.    Medicaid Lien: **$ 12,392.95**

    D.    An amount sufficient to purchase the annuity contract described above in section II.D.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division

s/ Sarah C. Duncan
Sarah C. Duncan
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 514-9729
Fax: (202) 616-4310

Dated: September 9, 2015

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Year 4 | Compensation Year 5 | Compensation Year 6 | Compensation Year 7 | Compensation Year 8 | Compensation Year 9 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 |
| BCBS Premium | 5% | | M | 3,513.00 | 3,513.00 | 3,513.00 | 3,513.00 | 3,513.00 | 3,513.00 | 3,513.00 | 3,513.00 | 3,513.00 |
| BCBS Excellus Prem. | 5% | | M | | | | | | | | | |
| BCBS Excellus Ded. | 5% | | | | | | | | | | | |
| Medicare Part B Prem. | 5% | | M | | | | | | | | | |
| Medicare Part B Ded. | 5% | | | | | | | | | | | |
| PCP | 5% | * | | 15.00 | 15.00 | 15.00 | 15.00 | 15.00 | 15.00 | 15.00 | 15.00 | 15.00 |
| Hematologist | 5% | * | | 70.00 | 70.00 | 70.00 | 70.00 | 70.00 | 70.00 | 70.00 | 70.00 | 70.00 |
| Dentist | 5% | * | | | | | | | | | | |
| ER | 5% | * | | | | 100.00 | | | | | | |
| CBC | 5% | * | | 315.00 | 315.00 | 315.00 | 315.00 | 315.00 | 315.00 | 315.00 | 315.00 | 315.00 |
| CAT Scan/ MRI | 5% | * | | | | 35.00 | | | | | | |
| Counseling | 4% | * | | 90.00 | | 90.00 | | 90.00 | | 90.00 | | 90.00 |
| ITP Conference | 4% | | | 1,359.00 | 1,359.00 | 1,359.00 | 1,359.00 | 1,359.00 | 1,359.00 | 1,359.00 | 1,359.00 | |
| Rubber Bath Mat | 4% | | | 14.99 | 14.99 | 14.99 | 14.99 | 14.99 | 14.99 | 14.99 | 14.99 | 14.99 |
| Portable Grab Bars | 4% | | | 209.85 | | | | | | | | |
| Faucet Cover | 4% | | | 12.99 | 12.99 | 12.99 | 12.99 | 12.99 | 12.99 | | | |
| Helmet | 4% | | | 145.00 | 145.00 | 145.00 | 145.00 | 145.00 | 145.00 | 145.00 | 145.00 | |
| Supplies | 4% | | | 13.13 | 13.13 | 13.13 | 13.13 | 13.13 | 13.13 | 13.13 | 13.13 | 13.13 |
| Medical Alert Bracelet | 4% | | | 49.95 | 49.95 | 49.95 | 49.95 | 49.95 | 49.95 | 49.95 | 49.95 | 49.95 |
| Cold Compress | 4% | | | 10.33 | 10.33 | 10.33 | 10.33 | 10.33 | 10.33 | 10.33 | 10.33 | 10.33 |
| YMCA | 4% | | M | 180.00 | 180.00 | 180.00 | 180.00 | 180.00 | 180.00 | 180.00 | 180.00 | 180.00 |
| Home Care Aide | 4% | | M | 3,840.00 | 3,840.00 | 3,840.00 | 3,840.00 | 3,840.00 | 3,840.00 | | | |
| Handyman | 4% | | | | | | | | | | | |
| Mileage: PCP | 4% | | | 6.80 | 6.80 | 6.80 | 6.80 | 6.80 | 6.80 | 6.80 | 6.80 | 6.80 |
| Mileage: Hematologist | 4% | | | 64.73 | 64.73 | 64.73 | 64.73 | 64.73 | 64.73 | 64.73 | 64.73 | 64.73 |
| Mileage: CBC | 4% | | | 54.43 | 54.43 | 54.43 | 54.43 | 54.43 | 54.43 | 54.43 | 54.43 | 54.43 |
| Mileage: MRI | 4% | | | | | | 6.80 | | | | | |
| Mileage: Counselor | 4% | | | 22.88 | | 22.88 | | 22.88 | | 22.88 | | 22.88 |
| Mileage: YMCA | 4% | | M | 902.75 | 902.75 | 902.75 | 902.75 | 902.75 | 902.75 | 902.75 | 902.75 | 902.75 |
| Mileage: Camp | 4% | | | | | 34.50 | 34.50 | 34.50 | 34.50 | 34.50 | 34.50 | 34.50 |
| Pain and Suffering | | | | 137,000.00 | | | | | | | | |

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Year 3 | Compensation Year 4 | Compensation Year 5 | Compensation Year 6 | Compensation Year 7 | Compensation Year 8 | Compensation Year 9 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 |
| Past Unreimbursable Expenses | | | | 1,414.06 | | | | | | | | |
| Medicaid Lien | | | | 12,392.95 | | | | | | | | |
| Annual Totals | | | | 161,696.84 | 10,567.10 | 10,856.28 | 10,601.60 | 10,714.48 | 10,601.60 | 6,861.49 | 6,748.61 | 5,357.49 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to the court-appointed
guardian(s)/conservators(s) of the estate of B.O. for the benefit of B.O., for pain and suffering ($137,000.00),
and Yr 1 life care expenses ($10,889.83): $147,889.83.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioners,
Crystal La Veck and Mark Osterhoudt, for past un-reimbursable expenses: $1,414.06.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to
petitioners and the Ostego County Department of Social Services, as reimbursement of the county's Medicaid lien: $12,392.95.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated in column "G.R." above, compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in 12 monthly installments at the discretion of respondent.

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 10 2024 | Compensation Year 11 2025 | Compensation Year 12 2026 | Compensation Year 13 2027 | Compensation Year 14 2028 | Compensation Year 15 2029 | Compensation Year 16 2030 | Compensation Year 17 2031 | Compensation Years 18-21 2032-2035 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BCBS Premium | 5% | | M | 3,513.00 | 3,513.00 | 3,513.00 | 3,513.00 | 3,513.00 | 3,513.00 | 3,513.00 | | |
| BCBS Excellus Prem. | 5% | | M | | | | | | | | 6,412.44 | 6,412.44 |
| BCBS Excellus Ded. | 5% | | | | | | | | | | 2,000.00 | 2,000.00 |
| Medicare Part B Prem. | 5% | | M | | | | | | | | | |
| Medicare Part B Ded. | 5% | | | | | | | | | | | |
| PCP | 5% | * | | 15.00 | 15.00 | 15.00 | 15.00 | 15.00 | 15.00 | 15.00 | 35.00 | 35.00 |
| Hematologist | 5% | * | | 70.00 | 70.00 | 70.00 | 70.00 | 70.00 | 70.00 | 70.00 | 100.00 | 100.00 |
| Dentist | 5% | * | | | | | | | | | 274.00 | 274.00 |
| ER | 5% | * | | 100.00 | | | | | | | 150.00 | |
| CBC | 5% | * | | 315.00 | 315.00 | 315.00 | 315.00 | 315.00 | 315.00 | 315.00 | 450.00 | 450.00 |
| CAT Scan/ MRI | 5% | * | | 35.00 | | | | | | | 50.00 | |
| Counseling | 4% | * | | | 90.00 | | 90.00 | | 90.00 | | 210.00 | |
| ITP Conference | 4% | | | | | | | | | | | |
| Rubber Bath Mat | 4% | | | 14.99 | 14.99 | 14.99 | 14.99 | 14.99 | 14.99 | 14.99 | 14.99 | 14.99 |
| Portable Grab Bars | 4% | | | | | | | | | 209.85 | 13.99 | 13.99 |
| Faucet Cover | 4% | | | | | | | | | | | |
| Helmet | 4% | | | | | | | | | | | |
| Supplies | 4% | | | 13.13 | 13.13 | 13.13 | 13.13 | 13.13 | 13.13 | 13.13 | 13.13 | 13.13 |
| Medical Alert Bracelet | 4% | | | 49.95 | 49.95 | 49.95 | 49.95 | 49.95 | 49.95 | 24.98 | 24.98 | 24.98 |
| Cold Compress | 4% | | | 10.33 | 10.33 | 10.33 | 10.33 | 10.33 | 10.33 | 10.33 | 10.33 | 10.33 |
| YMCA | 4% | | M | 180.00 | 180.00 | 180.00 | 180.00 | 180.00 | 180.00 | 180.00 | 180.00 | 180.00 |
| Home Care Aide | 4% | | M | | | | | | | | | |
| Handyman | 4% | | | | | | | | | | | |
| Mileage: PCP | 4% | | | 6.80 | 6.80 | 6.80 | 6.80 | 6.80 | 6.80 | 6.80 | 6.80 | 6.80 |
| Mileage: Hematologist | 4% | | | 64.73 | 64.73 | 64.73 | 64.73 | 64.73 | 64.73 | 64.73 | 64.73 | 64.73 |
| Mileage: CBC | 4% | | | 54.43 | 54.43 | 54.43 | 54.43 | 54.43 | 54.43 | 54.43 | 54.43 | 54.43 |
| Mileage: MRI | 4% | | | 6.80 | | | | | | | 6.80 | |
| Mileage: Counselor | 4% | | | | 22.88 | | 22.88 | | 22.88 | | 22.88 | |
| Mileage: YMCA | 4% | | M | 902.75 | 902.75 | 902.75 | 902.75 | 902.75 | 902.75 | 902.75 | 902.75 | 902.75 |
| Mileage: Camp | 4% | | | 34.50 | 34.50 | 34.50 | 34.50 | | | | | |
| Pain and Suffering | | | | | | | | | | | | |

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 10 | Compensation Year 11 | Compensation Year 12 | Compensation Year 13 | Compensation Year 14 | Compensation Year 15 | Compensation Year 16 | Compensation Year 17 | Compensation Years 18-21 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2024 | 2025 | 2026 | 2027 | 2028 | 2029 | 2030 | 2031 | 2032-2035 |
| Past Unreimbursable Expenses | | | | | | | | | | | | |
| Medicaid Lien | | | | | | | | | | | | |
| Annual Totals | | | | 5,386.41 | 5,357.49 | 5,244.61 | 5,357.49 | 5,210.11 | 5,322.99 | 5,394.99 | 10,997.25 | 10,557.57 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to the court-appointed
guardian(s)/conservators(s) of the estate of B.O. for the benefit of B.O., for pain and suffering ($137,000.00),
and Yr 1 life care expenses ($10,889.83): $147,889.83.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioners,
Crystal La Veck and Mark Osterhoudt, for past un-reimbursable expenses: $1,414.06.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to
petitioners and the Ostego County Department of Social Services, as reimbursement of the county's Medicaid lien: $12,392.95.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated in column "G.R." above, compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in 12 monthly installments at the discretion of respondent.

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 22 | Compensation Years 23-25 | Compensation Years 26-42 | Compensation Years 43-57 | Compensation Years 58-60 | Compensation Years 61-66 | Compensation Years 67-Life |
|---|---|---|---|---|---|---|---|---|---|---|
|  |  |  |  | 2036 | 2037-2039 | 2040-2056 | 2057-2071 | 2072-2074 | 2075-2080 | 2081-Life |
| BCBS Premium | 5% |  | M |  |  |  |  |  |  |  |
| BCBS Excellus Prem. | 5% |  | M |  |  |  |  |  |  |  |
| BCBS Excellus Ded. | 5% |  |  |  |  |  |  |  |  |  |
| Medicare Part B Prem. | 5% |  | M |  |  |  |  |  | 1,258.80 | 1,258.80 |
| Medicare Part B Ded. | 5% |  |  |  |  |  |  |  | 147.00 | 147.00 |
| PCP | 5% | * |  | 35.00 | 35.00 | 35.00 | 35.00 | 35.00 | 35.00 | 35.00 |
| Hematologist | 5% | * |  | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 80.00 | 80.00 |
| Dentist | 5% | * |  |  |  |  |  |  |  |  |
| ER | 5% | * |  |  |  |  |  |  |  |  |
| CBC | 5% | * |  | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 |  |  |
| CAT Scan/ MRI | 5% | * |  |  |  |  |  |  |  |  |
| Counseling | 4% | * |  | 210.00 | 42.00 | 42.00 |  |  |  |  |
| ITP Conference | 4% |  |  |  |  |  |  |  |  |  |
| Rubber Bath Mat | 4% |  |  | 14.99 | 14.99 | 14.99 | 14.99 | 14.99 | 14.99 | 14.99 |
| Portable Grab Bars | 4% |  |  | 13.99 | 13.99 | 13.99 | 13.99 | 13.99 | 13.99 | 13.99 |
| Faucet Cover | 4% |  |  |  |  |  |  |  |  |  |
| Helmet | 4% |  |  |  |  |  |  |  |  |  |
| Supplies | 4% |  |  | 13.13 | 13.13 | 13.13 | 13.13 | 13.13 | 13.13 | 13.13 |
| Medical Alert Bracelet | 4% |  |  | 24.98 | 24.98 | 24.98 | 24.98 | 24.98 | 24.98 | 24.98 |
| Cold Compress | 4% |  |  | 10.33 | 10.33 | 10.33 | 10.33 | 10.33 | 10.33 | 10.33 |
| YMCA | 4% |  | M | 330.00 | 330.00 | 330.00 | 330.00 | 213.00 | 213.00 | 213.00 |
| Home Care Aide | 4% |  | M |  |  |  |  |  |  |  |
| Handyman | 4% |  |  |  |  | 300.00 | 300.00 | 300.00 | 300.00 |  |
| Mileage: PCP | 4% |  |  | 6.80 | 6.80 | 6.80 | 6.80 | 6.80 | 6.80 | 6.80 |
| Mileage: Hematologist | 4% |  |  | 64.73 | 64.73 | 64.73 | 64.73 | 64.73 | 64.73 | 64.73 |
| Mileage: CBC | 4% |  |  | 54.43 | 54.43 | 54.43 | 54.43 | 54.43 | 54.43 | 54.43 |
| Mileage: MRI | 4% |  |  |  |  |  |  |  |  |  |
| Mileage: Counselor | 4% |  |  | 22.88 | 4.58 | 4.58 |  |  |  |  |
| Mileage: YMCA | 4% |  | M | 902.75 | 902.75 | 902.75 | 902.75 | 902.75 | 902.75 | 902.75 |
| Mileage: Camp | 4% |  |  |  |  |  |  |  |  |  |
| Pain and Suffering |  |  |  |  |  |  |  |  |  |  |

Case 1:14-vv-00340-UNJ  Document 41  Filed 12/16/15  Page 15 of 15
Appendix A - Items of Compensation 12/16/15

Page 6 of 6

| ITEMS OF COMPENSATION | G.R. | * | M | Compensation Year 22 | Compensation Years 23-25 | Compensation Years 26-42 | Compensation Years 43-57 | Compensation Years 58-60 | Compensation Years 61-66 | Compensation Years 67-Life |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | 2036 | 2037-2039 | 2040-2056 | 2057-2071 | 2072-2074 | 2075-2080 | 2081-Life |
| Past Unreimbursable Expenses | | | | | | | | | | |
| Medicaid Lien | | | | | | | | | | |
| Annual Totals | | | | 2,254.01 | 2,067.71 | 2,367.71 | 2,321.13 | 2,204.13 | 3,139.93 | 2,839.93 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to the court-appointed
guardian(s)/conservators(s) of the estate of B.O. for the benefit of B.O., for pain and suffering ($137,000.00),
and Yr 1 life care expenses ($10,889.83): $147,889.83.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioners,
Crystal La Veck and Mark Osterhoudt, for past un-reimbursable expenses: $1,414.06.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to
petitioners and the Ostego County Department of Social Services, as reimbursement of the county's Medicaid lien: $12,392.95.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated in column "G.R." above, compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in 12 monthly installments at the discretion of respondent.