# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 14-340V
### (Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
CRYSTAL LA VECK and MARK              *
OSTERHOUDT, Parents of B.O., a minor, *
                                      *
            Petitioners,              *        Filed: June 3, 2016
                                      *
      v.                              *        Decision; Attorney's Fees
                                      *        and Costs.
SECRETARY OF HEALTH                   *
AND HUMAN SERVICES,                   *
                                      *
            Respondent.               *
                                      *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Ronald C. Homer*, Conway, Homer & Chin-Caplan, P.C., Boston, MA, for Petitioner.

*Sarah C. Duncan*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### ATTORNEY'S FEES AND COSTS DECISION[1]

On April 23, 2014, Crystal La Veck and Mark Osterhoudt filed a petition on behalf of their minor child, B.O., seeking compensation under the National Vaccine Injury Compensation Program.[2] ECF No. 1. On September 9, 2015, Respondent filed a proffer proposing an award of compensation. ECF No. 36. I subsequently issued a decision on September 11, 2015, concluding that the proffer was reasonable, and therefore adopting it as my decision awarding Petitioner damages. ECF No. 37.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. § 300aa-10 through 34 (2012)).

Petitioner has now filed an unopposed motion for attorney's fees and costs (dated May 19, 2016). ECF Nos. 46. Petitioner requests reimbursement of attorney's fees in the amount of $28,851.30 and costs in the amount of $11,805.19. *Id*. This amount represents a sum to which Respondent does not object. ECF No. 48. In addition, and in compliance with General Order No. 9, Petitioner's counsel represents that Petitioner did not incur out-of-pocket, litigation-related expenses in conjunction with this proceeding. ECF No. 47.

I approve the requested amount for attorney's fees and costs as reasonable. Accordingly, an award of $40,656.49 should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ronald C. Homer, Esq., for all attorney's fees and costs. Payment of this amount represents all attorney's fees and costs available under 42 U.S.C. § 300aa-15(e). In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

       **IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.